RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

NITHYA SENRA (CABN 291803)
Trial Attorney, Tax Division
U. S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6570
Fax: (202) 307-0054
E-mail: Nithya.Senra@usdoj.gov

ALEX G. TSE
Acting United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROMAIN G. H. GIGER,<br><br>Defendant. | Case No.<br><br>COMPLAINT |

Plaintiff, the United States of America ("United States"), alleges as follows:

1. This timely suit seeks to recover unpaid financial penalties imposed upon defendant Romain G. H. Giger. The penalties were imposed pursuant to 31 U.S.C. § 5321(a)(5) because Mr. Giger failed to timely file accurate Forms TD F 90-22.1, Report of Foreign Bank Accounts ("FBAR") for the years described below.

2. Generally speaking, every U.S. person who has a financial interest in, or signature authority over, at least one foreign account must file an FBAR. The FBAR does not have to be filed if the aggregate balance in all foreign accounts is less than $10,000.

3. On an FBAR, the filer must list certain information for each foreign account. That information includes the financial institution at which the account is held, the account number, and the maximum balance in the account during the calendar year.

## AUTHORIZATION FOR SUIT, JURISDICTION, AND VENUE

4. The United States brings this suit to recover FBAR penalties pursuant to 31 U.S.C. § 5321(b). Pursuant to 31 U.S.C. § 3711(g)(4)(C), this action was filed with the authorization of, and at the request of, the Secretary of the Treasury, acting through his delegate, the Associate Area Counsel of the Internal Revenue Service. The United States' Complaint is filed at the direction of a delegate of the Attorney General of the United States.

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1345, 1355(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1395(a), as defendant is a resident of San Jose, California.

## THE DEFENDANT

7. Romain G. H. Giger ("Mr. Giger") resides in San Jose, California, and was at all times relevant to this action a resident of the United States of America.

## FOREIGN BANK OR OTHER FINANCIAL ACCOUNTS

8. During the following years, Mr. Giger had an interest in foreign accounts, at the following financial institutions located in Switzerland:

| Year | Financial Institutions | Account number(s) |
|---|---|---|
| **2009** | Thurgauer Kantonalbank | -3605 |
| **2010** | Thurgauer Kantonalbank | -3605 |
| **2011** | Thurgauer Kantonalbank | -3605 |
| **2012** | Thurgauer Kantonalbank | -3605 |
| | PostFinance | -8115, -3562 |

9. Mr. Giger was required by law to file FBARs reporting his financial interest in the foreign accounts described in paragraph eight, for the years 2009, 2010, 2011, and 2012, as well as any other year that satisfied the FBAR reporting requirements.

10. Mr. Giger did not file FBARs disclosing the foreign accounts described in paragraph 8 for the years 2009, 2010, 2011, and 2012, by the applicable filing deadline.

11. Mr. Giger filed individual federal income tax returns for the years 2009, 2010, 2011 and 2012 that did not otherwise disclose his interest in the foreign accounts described in paragraph 8. For the years 2010 and 2011, Mr. Giger checked the box "No" on Schedule B to Form 1040 claiming he had no interest in any foreign bank accounts, when in fact he had an interest during those years in account number ending in -3605 at Thurgauer Kantonalbank located in Switzerland.

**CLAIM FOR RELIEF: RECOVERY OF FBAR PENALTIES ASSESSED AGAINST ROMAIN G. H. GIGER**

*Liability for the Civil Penalties*

12. The United States incorporates by reference paragraphs 1 through 11, above, as if fully set forth here.

13. During the years 2009 through 2012, Mr. Giger was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

14. During the years 2009 through 2012, Mr. Giger had a financial interest, within the meaning of 31 C.F.R. § 1010.350(e), or signatory authority over the foreign accounts described in paragraph 8 above.

15. The foreign accounts described in paragraph 8 above were bank or financial accounts in a foreign country.

16. For each of the years 2009, 2010, 2011, and 2012, the aggregate amount in the foreign accounts described in paragraph 8 above, individually and/or collectively had a balance that exceeded $10,000 in U.S. currency at any time during each respective calendar year.

17. Mr. Giger failed to file an FBAR with regard to the years 2009, 2010, 2011, and 2012, by the applicable deadline, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

18. Mr. Giger's failure to report each separate foreign financial account in a year he was required to file an FBAR was a separate violation of the FBAR filing requirements.

*Assessment and Collection of the Civil Penalties*

19. On or about May 20, 2016, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury of the United States of America timely assessed the following penalties against Romain G. H. Giger:

| Year | Financial Institutions | Account numbers | Total Amount of Penalties Assessed for the Year |
|---|---|---|---|
| **2009** | Thurgauer Kantonalbank | -3605 | $10,000 |
| **2010** | Thurgauer Kantonalbank | -3605 | $10,000 |
| **2011** | Thurgauer Kantonalbank | -3605 | $10,000 |
| **2012** | Thurgauer Kantonalbank | -3605 | $10,000 |
| | PostFinance | -8115, -3562 | |

Total: $40,0000

20. The FBAR penalties described in paragraph 19 above were assessed pursuant to 31 U.S.C. § 5321(a)(5)(b)(i), which imposes a penalty not to exceed $10,000 for each violation of the FBAR filings requirements that is not due to a willful violation of 31 U.S.C. § 5321.

21. Mr. Giger has not fully paid the outstanding FBAR penalties described in paragraph 19.

22. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Mr. Giger's unpaid penalties. In addition, pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Mr. Giger's failure to pay a lawful debt owed to the United States. Furthermore, pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Mr. Giger for collection-related costs of processing and handling his outstanding FBAR liabilities.

23. As of May 18, 2017, the outstanding balance owed by Mr. Giger is $41,298.10. This amount includes assessed but unpaid FBAR penalties, as well as accruals pursuant to 31 U.S.C. § 3717 (i.e. prejudgment interest, failure to pay penalties, and collection-related costs as of May 18, 2017).

24. The United States is entitled to recover the amount of $41,298.10 as of May 18, 2017, together with penalty, interest, and any collection-related costs accruing from that date.

* * *

WHEREFORE, the plaintiff United States of America demands that this Court:

A. Enter judgment in favor of the plaintiff United States of America and against the defendant Romain G. H. Giger, in the amount of $41,298.10 as of May 18, 2017, together with penalty, interest, and any collection-related costs accruing from that date;

B. Award the United States its costs in this action, and any other further relief as the Court may find necessary or appropriate.

Respectfully submitted this 19th day of January, 2018,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Nithya Senra*
NITHYA SENRA, CA SBN 291803
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-6570
Fax: (202) 307-0054
Nithya.Senra@usdoj.gov

ALEX G. TSE
Acting United States Attorney
*Of Counsel*

*Attorneys for United States of America*

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
Romain G. H. Giger

**(b)** County of Residence of First Listed Plaintiff *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Santa Clara County *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nithya Senra, Trial Attorney, Tax Division, U.S. Dept. of Justice
P.O. Box 683, Washington, D.C. 20044, (202) 307-6570

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U S Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U S Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
110 Insurance
120 Marine
130 Miller Act
140 Negotiable Instrument
150 Recovery of Overpayment Of Veteran's Benefits
151 Medicare Act
152 Recovery of Defaulted Student Loans (Excludes Veterans)
153 Recovery of Overpayment of Veteran's Benefits
160 Stockholders' Suits
190 Other Contract
195 Contract Product Liability
196 Franchise

**REAL PROPERTY**
210 Land Condemnation
220 Foreclosure
230 Rent Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers' Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Personal Injury -Medical Malpractice

**PERSONAL INJURY**
365 Personal Injury – Product Liability
367 Health Care/ Pharmaceutical Personal Injury Product Liability
368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**CIVIL RIGHTS**
440 Other Civil Rights
441 Voting
442 Employment
443 Housing/ Accommodations
445 Amer w/Disabilities–Employment
446 Amer w/Disabilities–Other
448 Education

**PRISONER PETITIONS**

**HABEAS CORPUS**
463 Alien Detainee
510 Motions to Vacate Sentence
530 General
535 Death Penalty

**OTHER**
540 Mandamus & Other
550 Civil Rights
555 Prison Condition
560 Civil Detainee– Conditions of Confinement

**FORFEITURE/PENALTY**
625 Drug Related Seizure of Property 21 USC § 881
[X] 690 Other

**LABOR**
710 Fair Labor Standards Act
720 Labor/Management Relations
740 Railway Labor Act
751 Family and Medical Leave Act
790 Other Labor Litigation
791 Employee Retirement Income Security Act

**IMMIGRATION**
462 Naturalization Application
465 Other Immigration Actions

**BANKRUPTCY**
422 Appeal 28 USC § 158
423 Withdrawal 28 USC § 157

**PROPERTY RIGHTS**
820 Copyrights
830 Patent
835 Patent—Abbreviated New Drug Application
840 Trademark

**SOCIAL SECURITY**
861 HIA (1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g))
864 SSID Title XVI
865 RSI (405(g))

**FEDERAL TAX SUITS**
870 Taxes (U S Plaintiff or Defendant)
871 IRS–Third Party 26 USC § 7609

**OTHER STATUTES**
375 False Claims Act
376 Qui Tam (31 USC § 3729(a))
400 State Reapportionment
410 Antitrust
430 Banks and Banking
450 Commerce
460 Deportation
470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Sat TV
850 Securities/Commodities/ Exchange
890 Other Statutory Actions
891 Agricultural Acts
893 Environmental Matters
895 Freedom of Information Act
896 Arbitration
899 Administrative Procedure Act/Review or Appeal of Agency Decision
950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 5314, 5321

Brief description of cause:
Suit to recover civil penalties for failure to timely file accurate FBARs

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $ 41,298.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

(Place an "X" in One Box Only) [ ] SAN FRANCISCO/OAKLAND [X] SAN JOSE [ ] EUREKA-MCKINLEYVILLE

**DATE** 01/19/2018 **SIGNATURE OF ATTORNEY OF RECORD** /s/ Nithya Senra